**DYKEMA GOSSETT LLP**
DEREK S. WHITEFIELD, SBN: 165731
333 South Grand Avenue
Suite 2100
Los Angeles, California 90071
Telephone:  (213) 457-1800
Facsimile:   (213) 457-1850
dwhitefield@dykema.com

**WALLACE KING DOMIKE & REISKIN, PLLC**
TERRI S. REISKIN (admitted pro hac vice)
ERIC C. TEW (admitted pro hac vice)
2900 K Street, NW
Harbourside, Suite 500
Washington, DC  20007
Telephone:  (202) 204-1000
Facsimile:   (202) 204-1001
treiskin@wallaceking.com
etew@wallaceking.com

Attorneys for Defendant
MERCEDES-BENZ USA, LLC

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| ARUTYUN MARSIKIAN, individually and on behalf of a class of similarly situated individuals,<br><br>Plaintiff,<br><br>vs.<br><br>MERCEDES-BENZ USA, LLC and DOES 1-500, inclusive,<br><br>Defendant. | Case No. CV 08-04876 AHM (JTLx)<br><br>**PROTECTIVE ORDER GOVERNING THE PROTECTION AND EXCHANGE OF CONFIDENTIAL MATERIAL** |

The parties having stipulated to the entry of this ORDER in the Stipulation Governing the Protection and Exchange of Confidential Material,

IT IS HEREBY ORDERED that the following procedures shall be adopted with respect to certain material and other information produced and/or disclosed in this action which are identified as confidential.

1.     Until further order of the Court or stipulation of Plaintiff Arutyun Marsikian ("Plaintiff") and Defendant Mercedes-Benz USA, LLC ("MBUSA"), all discovery provided by the parties in this action, including, but not limited to, initial disclosures, responses to interrogatories, requests for production of documents and admissions, and depositions of employees, former employees, or consultants, shall be subject to this Order.

2.     In responding to written discovery, the parties may designate any portion of their responses which contain "trade secrets," as that term is defined in Cal. Civil Code § 3426.1, or other material which constitutes proprietary research, development or commercial information that is not generally available to MBUSA's competitors or the public at large, by marking the material as "Confidential" or "Subject to Protective Order", in a manner which will not interfere with its legibility. Such confidential information includes, but is not limited to, proprietary design and engineering information and documents, engineering drawings, design drawings, manufacturing specifications, quality assurance documents, customer information, marketing research, advertising budgets, company financial information that is not otherwise available to the public, and warranty data. Except as set forth herein, discovery material designated "Confidential" shall be used or disseminated only for the purpose of prosecuting or defending this action, including appeals, and not for any other litigation or any other purpose whatsoever.

3.     In the event that deposition testimony contains the type of information described in paragraph (2) above, the parties may designate such deposition testimony "Confidential" by advising the court reporter and/or videographer on the record at the time such testimony is given or within 7 business days after receipt of the transcript of the deposition by notifying opposing counsel in writing of the page and line numbers of the testimony deemed "Confidential." Any testimony reading from or directly referencing confidential documents is automatically deemed to be confidential, including any confidential documents used as deposition exhibits. Every deposition

1  shall be treated as "Confidential" for a period of seven (7) days after receipt of the
2  transcript by all counsel.
3      4.     Any such Confidential information as described above which the parties
4  shall provide to opposing counsel in this action shall only be disclosed to the parties
5  and/or attorneys or immediate employees of their trial counsel's law firms, and any
6  other individuals to whom disclosure is reasonably necessary to assist in the preparation
7  of this case for trial, such as the parties' consultants, experts, and prospective witnesses.
8      5.     Any recipient of such Confidential information shall not disclose the
9  same to any other person to whom disclosure is not authorized by the terms of this
10 Protective Order and shall not use such Confidential information for purposes other than
11 preparation for trial or settlement of this action.  Any recipient of such Confidential
12 information shall exercise reasonable and appropriate care with regard to the storage,
13 custody, and/or use of such Confidential information in order to ensure that the
14 confidential nature of the same is maintained.
15     6.     Any recipient of such Confidential information, by accepting receipt
16 thereof, agrees to be subject to the jurisdiction of the Court in which this matter is
17 pending, in connection with any proceeding or hearing relating to such Confidential
18 information and/or this Protective Order, including but not limited to, any proceeding
19 relating to the enforcement of this Protective Order.
20     7.     Any recipient of such Confidential information (except the parties'
21 attorneys, their employees, the court and court personnel), prior to receipt thereof, shall
22 be furnished with a copy of this Protective Order, and shall be required to execute an
23 acknowledgment letter of the type attached hereto as Exhibit 1, certifying that the
24 recipient will not disclose such Confidential information to any person to whom
25 disclosure is not authorized by the terms of this Protective Order, that the recipient will
26 not use any such Confidential information in any way whatsoever other than for
27 purposes of prosecuting or defending this action and that the recipient has read this
28 Protective Order and is fully familiar with and agrees to be bound by its terms.

DYKEMA GOSSETT LLP
333 SOUTH GRAND AVENUE
SUITE 2100
LOS ANGELES, CALIFORNIA 90071

8. There shall be no dissemination whatsoever of such Confidential information that is disclosed to opposing counsel except to those authorized to receive such information pursuant to this Order.

9. Any such Confidential information required to be filed with the Court either as an exhibit or attachment to a motion or other document shall be filed in accordance with Local Rule 79-5. Such documents or information shall be filed only in sealed envelopes, on which shall be endorsed the caption of this action, an indication of the contents and the following designation:

CONFIDENTIAL

This envelope contains documents that are subject to a Protective Order entered by the Court in this action governing use of confidential discovery material. The envelope shall not be opened or the contents thereof displayed or revealed except by order of the Court. Violation hereof may be regarded as contempt of Court.

10. Information designated as "Confidential" may be referred to by the parties in notices, motions, briefs, or any other pleadings, may be used in depositions, and may be marked as deposition exhibits in this action. No such information shall be used, however, for any of these purposes unless it, or the portion where it is revealed, is appropriately marked and protected from dissemination, and, where filing is necessary, separately filed under seal with the Court in accordance with the procedures set forth in paragraph (9) above.

11. If, at the time of trial, either of the parties intends to introduce into evidence any information designated as "Confidential", they shall give timely and sufficient notice of such intention to opposing counsel so that opposing counsel has the opportunity to move the Court for an Order setting forth conditions necessary to preserve the confidentiality of such information at trial.

12. This Protective Order shall not limit the right of the respective parties to disclose their own confidential discovery material to any persons or entities of their own

4

1 choosing who are providing assistance to them in this litigation. Such disclosure shall
2 not waive the protection of this Order.

3       13.     After the conclusion of this action, this Order shall continue to apply to
4 all Confidential information provided by the parties to opposing counsel and to the
5 parties' consultants, experts, and prospective witnesses under this Order, and the Court
6 shall retain jurisdiction over all recipients of such Confidential information for purposes
7 of enforcing the provisions of this Order.

8       14.     All documents and copies of documents designated as "Confidential"
9 shall be returned to the producing party or shredded by opposing counsel at the
10 conclusion of this case, including all appeals, at opposing counsel's expense. Counsel
11 for each of the parties agrees to represent in writing that the documents have been
12 returned or destroyed in accordance with this provision.

13       15.     In the event that any party disagrees with the designation of any item as
14 "Confidential" and subject to this Protective Order, that party shall send a written notice
15 to opposing counsel specifying the items in question. In the event that the parties
16 cannot reach an agreement concerning the confidentiality of the item, the party seeking
17 to protect the confidentiality of the items shall proceed to file a motion with this Court
18 requesting a determination as to whether the items are properly subject to this Protective
19 Order. The moving party shall have the burden of establishing confidentiality. Any
20 such items shall continue to be treated as confidential and subject to this Protective
21 Order until such time as this Court rules that they are not confidential.

22       16.     Neither Plaintiff nor MBUSA, or their respective counsel, experts or
23 other persons retained by them to assist in the preparation of this action shall under any
24 circumstances sell, offer for sale, advertise or publicize either the contents of
25 confidential information or the fact that MBUSA may have produced confidential
26 information in connection with this litigation.

27       17.     This Order shall not be used, disclosed or cited by any party hereto in
28 connection with any other proceeding, except in connection with a motion seeking

1  enforcement of the provisions of this Order or if compelled by subpoena, court order or
2  other legal process.  If so compelled, the producing party shall notify the other parties
3  hereto within five (5) days of receipt of the subpoena, court order or other legal process.
4       18.    The provisions of Federal Rule of Evidence 502 apply to inadvertent
5  production of documents or other objects protected by the attorney-client privilege or
6  work-product privilege.

Dated:    November 12, 2008      /s/Jennifer T. Lum
                                                  Jennifer T. Lum
                                                  United States Magistrate Judge

DYKEMA GOSSETT LLP
333 SOUTH GRAND AVENUE
SUITE 2100
LOS ANGELES, CALIFORNIA 90071

EXHIBIT 1

Dated: _____, 200__

_____
_____
_____

**Re: Marsikian v. Mercedes-Benz USA, LLC, Case No. CV08-04876 (AHM) (C.D. Cal.)**

The undersigned hereby acknowledges that he/she has read, is fully familiar with, and understands the terms of the Protective Order entered in the above-entitled action on or about _____, 2008, that he/she is going to be a proper recipient of Confidential information as contemplated by the Protective Order, that he/she will not disclose Confidential information to any person to whom disclosure is not authorized by the terms of the Protective Order, that he/she will not use Confidential information in any way whatsoever other than for purposes of the above-entitled action, and that he/she agrees to be bound by the terms of the Protective Order, including the terms of Paragraphs 6 and 13 relating to personal jurisdiction over the undersigned.

Sincerely,

_____
    Signature

_____
    Print name

Subscribed and sworn to before me
this ____ day of _____, 200__.

_____
Notary Public

PAS01\88936.1
ID\SHV

DYKEMA GOSSETT LLP
333 SOUTH GRAND AVENUE
SUITE 2100
LOS ANGELES, CALIFORNIA 90071

EXHIBIT 1