1  Stephen M. Harris (State Bar No. 110626)
   smh@kpclegal.com
2  KNAPP, PETERSEN & CLARKE
   550 North Brand Boulevard, Suite 1500
3  Glendale, California 91203-1922
   Telephone:  (818) 547-5000
4  Facsimile:  (818) 547-5329

5  Robert L. Starr, Esq. (State Bar No. 183052)
   THE LAW OFFICES OF ROBERT L. STARR
6  23277 Ventura Boulevard
   Woodland Hills, California 91364-1002
7  Telephone: (818) 225-9040
   Facsimile: (818) 225-9042
8
   Attorneys for Plaintiffs
9  ARUTYUN MARSIKYAN, and PAYAM
   SAADAT, individually and on behalf of a class of
10 similarly situated individuals

11              UNITED STATES DISTRICT COURT

12              CENTRAL DISTRICT OF CALIFORNIA

13

14

15 ARUTYUN MARSIKYAN, and PAYAM ) NO.   CV08-04876 AHM (FMOx)
   SAADAT, individually and on behalf of a )
16 class of similarly situated individuals,  ) Assigned for All Purposes To:
                                          ) Judge:  A. Howard Matz - Courtroom
17            Plaintiffs,                 ) 14
                                          ) Date Action Filed:     June 5, 2008
18       v.                               ) Trial Date:                  None
                                          )
19 MERCEDES-BENZ USA, LLC,                ) CLASS ACTION
                                          )
20            Defendant.                  ) **PLAINTIFFS' FIFTH AMENDED**
                                          ) **COMPLAINT FOR:**
21                                        )
                                          ) **1.     BREACH OF EXPRESS**
22                                        ) **WARRANTIES;**
                                          ) **2.     VIOLATION OF STATE**
23                                        ) **CONSUMER PROTECTION**
                                          ) **STATUTES;**
24                                        ) **3.     BREACH OF IMPLIED**
                                          ) **WARRANTY OF**
25                                        ) **MERCHANTABILITY**
                                          )
26                                        ) **DEMAND FOR JURY TRIAL**
                                          )
27 ─────────────────────────────────── )

28

KNAPP,
PETERSEN
& CLARKE

-1-

717060.1  08000/00877

1   Plaintiffs Arutyun Marsikyan and Payam Saadat ("Plaintiffs") bring this class

2   action on behalf of themselves and all similarly situated persons who purchased or

3   leased certain defective Mercedes Benz  S-Class W-220 platform vehicles and

4   Mercedes Benz CL Class W 215 platform vehicles manufactured and sold in the

5   United States by Defendant Mercedes Benz USA, LLC (hereinafter "Mercedes

6   Benz" or "Defendant").

7                              **INTRODUCTION**

8        1.     Mercedes Benz designed, manufactured, distributed, sold and leased

9   Mercedes Benz S-Class W220 platform vehicles and CL Class W 215 platform

10  vehicles for model years 2001 to 2006 (the "Class Vehicles") to Plaintiffs and Class

11  Members nationwide.

12       2.     At the time of sale or lease, the Class Vehicles were all equipped with a

13  defective Air Intake System ("AIS" or "AIS System"). The AIS provides fresh air for

14  the air conditioning system of the Class Vehicles. The Class Vehicles' AIS are

15  uniformly and inherently defective in materials, design, and workmanship because

16  they fail to prevent leaves, twigs, and other objects from entering the AIS, as

17  explained in greater detail below.  This failure causes the AIS to clog-up with water

18  during rain or when the vehicle is washed.  The water enters the vehicle's climate

19  control system, and ultimately enters the cabin area of the Class Vehicles, resulting

20  in substantial electric failure and damage due to the water damaging the computer,

21  electrical system, and interior components of the Class Vehicles.

22       3.     The Class Vehicles present a safety hazard and are unreasonably

23  dangerous to consumers because of the danger of catastrophic engine and electrical

24  system failure as a result of the flooding of the AIS with water while the vehicle is in

25  operation. Due to electrical and other problems, the vehicle may be unsafe to drive

26  due to water damage.

27       4.     In addition, the cost of the AIS defect to consumers can be exorbitant

28  because consumers will be required to pay hundreds, if not thousands of dollars, both

**KNAPP,
PETERSEN
& CLARKE**

-2-

717060.1   08000/00877

1  to modify the defective AIS, and to repair the damage to the electrical system, the

2  computer system, and other damage which will occur as a result of flooding, which

3  will occur due to the defective AIS system.

4       5.    Mercedes Benz knew or should have known that the AIS of the Class

5  Vehicles are defective and not fit for their intended purpose. Nevertheless, Mercedes

6  Benz has actively concealed and failed to disclose this defect to Plaintiffs and the

7  Class Members at the time of purchase or lease and thereafter.

8       6.    Furthermore, unknown to most Class Members, Mercedes Benz has

9  engaged in unfair and selective reimbursement practices where it offers to pay,

10  among other things, for the AIS defect and extend consumer's warranties.  Mercedes

11  Benz only provides compensation for the AIS defect to some consumers who

12  complain loudly enough, however, and it does so pursuant to a systematic practice

13  that results in disparate warranty treatment among its customers.  For example,

14  Defendant refused to pay/reimburse Plaintiffs for the costs associated with the

15  clogging and flooding that occurred as a result of the AIS failure, which occurred

16  during their vehicle's New Car Warranty, while Defendant has paid and/or

17  reimbursed other noisy consumers who continuously persisted and demanded either

18  payment or reimbursement.

19       7.    Mercedes Benz has failed to inform the general public and all people

20  who purchased Class Vehicles that it offers to pay, among other things, for the AIS

21  defect and related damage.  Moreover, MBUSA fails to inform prospective

22  purchasers of Class Vehicles of the unfair and selective reimbursement practice.  The

23  net result of MBUSA's unfair and selective reimbursement practice is that only a

24  fraction of Class Vehicle owners are notified of and/or benefit from the selective

25  reimbursement practice.  Consequently, Class Members purchased and continue to

26  purchase Class Vehicles when they otherwise would not, and Class Members paid

27  and continue to pay for repairs that, unbeknownst to them, are covered by MBUSA's

28  unfair and selective reimbursement practice.  Because of the latent nature of the AIS

**KNAPP,
PETERSEN
& CLARKE**

-3-

1  defect and MBUSA's pattern of failing to disclose, concealing, and/or misleading

2  purchasers of Class Vehicles about the existence of its unfair and selective

3  reimbursement practice, Class Members pay for repairs that should be covered by

4  MBUSA's selective reimbursement practice.

5       8.    In addition, as early as 2001, upon information and belief, while

6  Defendant repeatedly refused to pay the cost of replacing and/or modifying the

7  defective AIS under the Class Vehicle's New Car Warranty, Defendant issued a

8  written notice to its authorized dealers in which it implemented a cheaper, albeit

9  temporary fix: namely a method of clearing, at no cost to consumers, for only one

10  time the AIS' reed valve, rather than replacing and/or modifying the defective AIS

11  under warranty.  Defendant offered the reed valve clearing for some Class Vehicles

12  and for only those customers who made a service visit to its dealerships.

13       9.    The AIS clearing was a temporary fix because, among other things, it

14  was not conducted on a continuing basis and as part of the Class Vehicles routine

15  maintenance schedule.

16       10.    In fact, Defendant has failed to include the reed valve clearing as a

17  maintenance item in the Class Vehicles' maintenance booklet.  In addition,

18  Defendant's failure to inform all Class Members, including Plaintiffs, about the one

19  time reed valve clearing has resulted in disparate warranty treatment among its

20  customers.

21       11.    Plaintiffs are informed and believe that Defendant is aware, and has

22  been aware since 2001, if not before, that the one time AIS valve clearing does not

23  fix the AIS defect. Rather, the one time AIS valve clearing simply prolongs the

24  amount of time that will elapse before the AIS fails, to ensure that the AIS fails

25  outside of warranty, so that Defendant can unfairly shift financial responsibility for

26  the AIS defect on to consumers.

27       12.    Despite notice of the defect from numerous consumer complaints,

28  dealership repair orders, as well as various other sources, Mercedes Benz has not

**KNAPP,
PETERSEN
& CLARKE**

-4-

717060.1  08000/00877

1   recalled the Class Vehicles to repair the defect, has not offered all its customers a
2   suitable repair, modification, or replacement of the AIS free of charge, and has not
3   offered to reimburse Class Members who incurred costs relating to flooding which
4   has occurred as the result of the defective AIS.  Moreover, upon information and
5   belief, in 2005, Mercedes Benz issued an internal bulletin acknowledging that the
6   defective AIS system could be repaired, and provided in this bulletin a design for the
7   fixes necessary to temporarily repair the AIS system which it implemented on some
8   Class Vehicles.

9       13.    As a result of Defendant's misconduct alleged herein, Plaintiffs and
10  Class Members have been harmed and have suffered actual damages in that the AIS
11  in the Class Vehicles are experiencing continuous and progressive failure problems,
12  and the AIS' have failed and will continue to fail before their expected useful life has
13  run.

14                          **THE PARTIES**
15  **The Plaintiffs:**

16      14.    Plaintiff Arutyun Marsikyan ("Marsikyan") is a California citizen who
17  resides in Los Angeles County, California. Marsikyan purchased a new 2006
18  Mercedes S-430 in May of 2006. This vehicle was purchased primarily for personal,
19  family or household purposes.  This vehicle was manufactured, sold, distributed,
20  advertised, marketed and warranted by Mercedes Benz, and bears the Vehicle
21  Identification No. WDBNG70J66A468562.

22      15.    In January of 2008, with approximately 18,241 miles on the odometer,
23  Marsikyan sustained water related damage to his Class Vehicle when the vehicle's
24  climate control system was flooded with water as a result of the of the AIS defect
25  mentioned herein.  As with all other Class Members, MBUSA never informed Mr.
26  Marsikyan, through the subject vehicles' maintenance booklet or other sources, about
27  the need to clear the reed valve on the Class Vehicles.
28      16.    On January 30, 2008, when Marsikyan brought the vehicle into a

KNAPP,
PETERSEN
& CLARKE

-5-

1   Mercedes Benz authorized dealer, Calstar Motors, Inc., in Glendale, California, he

2   was informed that the cost of repair to the AIS and the AIS related damage was

3   approximately $6,113.15. Marsikyan was further advised by Calstar Motors, Inc.,

4   that the said damage was not covered under the vehicle's 4 year 50,000 miles New

5   Car Warranty.

6         17.    Marsikyan Declaration, as required under Cal. Civ. Code section

7   1780(c), which reflects that Mercedes Benz's principal place of business is in Los

8   Angeles County, California, is attached as Exhibit 1.

9         18.    On January 17, 2005, Plaintiff Payam Saadat ("Saadat") purchased a

10   new 2004 Mercedes Benz S-500 from Mercedes Benz of Beverly Hills, Vehicle

11   Identification Number WDBNG75J84A421698. This vehicle was purchased

12   primarily for personal, family or household purposes.  This vehicle was

13   manufactured, sold, distributed, advertised, marketed and warranted by Mercedes

14   Benz.  As with all other Class Members, MBUSA never informed Mr. Saadat,

15   through the subject vehicles' maintenance booklet or other sources, about the need to

16   clear the reed valve on the Class Vehicles.

17         19.    In February of 2008, with 13,792 miles on the odometer, Saadat brought

18   the vehicle into a Mercedes Benz authorized dealer, Mercedes Benz of Beverly Hills,

19   and was advised that the cost of repair to the AIS and AIS related damage was

20   approximately $4,558. Saadat was further advised by Mercedes Benz of Beverly

21   Hills, that the said damage was not covered under the vehicle's 4 year 50,000 miles

22   New Car Warranty.

23         20.    Sadaat's Declaration, as required under Cal. Civ. Code section

24   1780(c), which reflects that Mercedes Benz's principal place of business is in Los

25   Angeles County, California, is attached as Exhibit 2.

26   **The Defendant:**

27         21.    Mercedes Benz is a corporation organized and in existence under the

28   laws of the State of New Jersey and registered with the California Department of

KNAPP,
PETERSEN
& CLARKE

-6-

717060.1  08000/00877

1  Corporations to conduct business in California. At all time relevant herein, Mercedes

2  Benz was engaged in the business of designing, manufacturing, constructing,

3  assembling, marketing, and selling automobiles and other motor vehicles and motor

4  vehicle components in Los Angeles, County and throughout the United States of

5  America.

## JURISDICTION

7      22.    This is a class action.

8      23.    Members of the proposed Plaintiffs' Class are citizens of states other

9  than the home state of Defendant.

10     24.    On information and belief, aggregate claims of individual Class

11  Members exceed $5,000,000.00, exclusive of interest and costs.

12     25.    Jurisdiction is proper in this Court pursuant to 28 U.S.C. Section

13  1332(d).

14     26.    This Court also has general and specific jurisdiction over MBUSA, as

15  MBUSA was engaged in unfair business practices directed at/or causing injury to

16  persons residing, located or doing business in the United States.

## VENUE

18     27.    Defendant through its business of distributing, selling, and leasing its

19  vehicles, has established sufficient contacts in this district such that it is subject to

20  personal jurisdiction here.  Defendant is deemed to reside in this district pursuant to

21  28 U.S.C. section 1391(a).

22     28.    In addition, a substantial part of the events or omissions giving rise to

23  these claims and a substantial part of the property that is the subject of this action are

24  in this district.

25     29.    Venue is proper in this Court pursuant to 28 U.S.C. section 1391(a).

## FACTUAL ALLEGATIONS

27  **The Mercedes Benz Has A Defective Air Intake System**

28     30.    For years, Mercedes Benz has designed, manufactured, distributed,

KNAPP,
PETERSEN
& CLARKE

-7-

1  marketed, sold and leased Class Vehicles. Upon information and belief, it has sold,
2  directly or indirectly through dealers and other retail outlets, thousands of Class
3  Vehicles in California and nationwide.

4       31.    The Class Vehicles contain a climate control system which is equipped
5  with a defective AIS that is shaped like a box and located under the hood on the
6  passenger side. The purpose of the AIS is to obtain fresh air from outside the vehicle
7  to use in the climate control system. There is a grate located on the top of the box,
8  which is designed to prevent leaves and other objects from entering the box. One side
9  of the box is mounted to the firewall of the vehicle, where it meets an air filter. Air
10  flows through the filter and travels into the climate control system. At the bottom of
11  the box there is a reed valve. The reed valve serves as a drain, so that during the rain,
12  or when the vehicle is washed, when water enters the box through the grate, it will
13  drain through the reed valve.

14       32.    The grate on top of the vehicle is not fine enough to prevent some
15  leaves, twigs, and other objects from entering the AIS box. The reed valve is smaller
16  and more restrictive than the grate, and as such is susceptible to being clogged by
17  objects that enter the box through the grate. As a result, many consumers have
18  experienced reed valve clogging. If the reed valve clogs, the AIS fills with water
19  during a rain or when the vehicle is washed and enters the climate control system.
20  When this occurs, many vehicles have suffered substantial electric failure, engine
21  failure, and other damage, due to water damaging the computer and electrical system.

22       33.    Mercedes Benz has been aware of this problem since 2001, if not
23  earlier, and has issued a notice to its authorized dealerships, but not Class Members,
24  which recommends that the AIS' reed valve should be cleared only once during the
25  ownership of the vehicle. Mercedes Benz's remedy of clearing the reed valve once is
26  not sufficient and does not resolve this problem. Furthermore, Mercedes Benz fails to
27  warn customers about the need to clear the reed valve, about the fact that the AIS has
28  a design defect making the vehicle susceptible to flooding, or about the possibility of

KNAPP,
PETERSEN
& CLARKE

717060.1  08000/00877

1    the reed valve clogging, resulting in vehicle flooding.

2        34.    Mercedes Benz through its own testing, records of customer complaints,

3    dealership repair orders, as well as various other sources, was well aware and knew

4    of the defect contained in the AIS of the Class Vehicles. In fact, consumers have

5    reported the defect contained in the AIS of the Class Vehicles to Mercedes Benz

6    directly and through its dealers.

7        35.    Defendant knew that its Class Vehicles and AIS were defectively

8    designed or manufactured, would fail prematurely and were not suitable for their

9    intended use.

10       36.    Defendant was under a duty to Plaintiffs and the Class to disclose the

11   defective nature of the AIS because:

12           a.    Defendant had exclusive knowledge or was in a superior position

13   to know the true state of facts about the safety defect in the Class Vehicles' AIS;

14           b.    Plaintiffs and Class Members could not reasonably have been

15   expected to learn or discover that the AIS' had a dangerous safety defect until

16   manifestation of the failure and

17           c.    Defendant knew that Plaintiffs and the Class Members could not

18   reasonably have been expected to learn or discover the safety defect.

19       37.    In failing to disclose the AIS defect, Defendant has knowingly and

20   intentionally concealed material facts and breached its duty not to do so.

21       38.    The facts concealed or not disclosed by Defendant to Plaintiffs and the

22   Class are material in that a reasonable consumer would have considered them to be

23   important in deciding whether to purchase Defendant's Class Vehicles or pay a lesser

24   price. Had Plaintiffs and the Class know the defective nature of the AIS, they would

25   not have purchased the Class Vehicles or would have paid less for them.

26       39.    Plaintiffs and the Class reasonably expected the AIS to function

27   properly for the life of their vehicles.  That is the reasonable and objective consumer

28   expectation for vehicle AIS'.

KNAPP,
PETERSEN
& CLARKE

-9-

717060.1   08000/00877

40.   As a direct and proximate result of Defendant's unfair or deceptive acts or practices, Plaintiffs and the Class have suffered and will continue to suffer actual damages.

41.   Moreover, Mercedes Benz issued an internal bulletin in 2005, setting forth an alternative design of the AIS which would temporarily rectify the defective AIS.  Mercedes-Benz implemented this bulletin on some Class Vehicles that suffered water damage.

42.   Despite this, however, Mercedes Benz has actively concealed the existence and nature of the defect from Plaintiffs and Members of the Class at the time of purchase or lease and thereafter.  Specifically, Mercedes Benz has:

a.   Failed to disclose, at and after the time of purchase or lease and repair, any and all known material defects or material nonconformity of the Class Vehicles, including the AIS' defective nature;

b.   Failed to disclose at the time purchase or lease that the Class Vehicles, including the AIS of the Class Vehicles, were not in good working order, were defective and were not fit for their intended purpose and

c.   Failed to disclose or actively concealed the fact that the AIS of the Class Vehicles were defective, despite the fact that Defendant learned of such defects thorough consumer complaints as early as 2001, if not before.

43.   Defendant has caused Plaintiffs and Members of the Class to expend money at its dealerships or other repair facilities repairing, modifying, or replacing the defective AIS and the resulting damages, despite Defendant's knowledge of the defect.

44.   Mercedes Benz has failed and refused to recall, repair, correct or adequately service Class Vehicles' defective AIS, instead instructing its dealers to conduct a one time cleaning of the AIS, that does nothing to permanently rectify the problem, while at the same time refusing to notify owners of Class Vehicles of the nature of the defect existing in their Class Vehicles. Furthermore, Mercedes Benz has

KNAPP,
PETERSEN
& CLARKE

-10-

1   refused to pay for the damages that have been sustained to Class Vehicles as a result

2   of this defect.

3       45.   The Members of the Class have not received the value for which they

4   bargained when they purchased or leased the Class Vehicles.

5       46.   As a result of the defects, the value of the Class Vehicles has

6   diminished, including without limitation re-sale value.

7                **TOLLING OF THE STATUTE OF LIMITATIONS**

8       47.   Since the defects in the design or manufacture of the Class Vehicles and

9   their AIS cannot be detected until the defect manifests, Plaintiffs and the Class were

10  not reasonably able to discover the problem until long after purchasing or leasing the

11  Class Vehicles, despite their exercise of due diligence.

12      48.   Plaintiffs and the Class Members had no realistic ability to discern that

13  the AIS was defective until it failed. In addition, despite their due diligence,

14  Plaintiffs and the Class Members could not reasonably have been expected to learn

15  or discover that they were deceived and that material information concerning the AIS

16  was concealed from them, until manifestation of the failure.  Therefore, the discovery

17  rule is applicable to the claims asserted by Plaintiffs and the Class Members.

18      49.   Moreover, MBUSA is under a continuous duty to disclose to the

19  plaintiffs and the Class the true character, quality, and nature of the Class Vehicles

20  and to disclose the existence of the defect and its unfair and selective reimbursement

21  practice.  MBUSA knowingly, affirmatively, and/or actively concealed the true

22  character, quality, and nature of (i) the defect at issue, and (ii) its unfair and selective

23  reimbursement practice, which concealment is ongoing, and did not disclose the

24  existence of the selective reimbursement practice.  Furthermore, Plaintiffs reasonably

25  relied upon MBUSA's knowing, affirmative, and/or active concealment.  Based on

26  the foregoing, MBUSA is estopped from relying on any statutes of limitation in

27  defense of this action.

28      50.   The causes of action alleged herein did or will accrue only upon

KNAPP,
PETERSEN
& CLARKE

-11-

717060.1  08000/00877

1  discovery of the latent defect, the unfair and selective reimbursement practice, and

2  MBUSA's fraudulent concealment thereof.  Plaintiffs and members of the Class did

3  not discover and could not have discovered through the exercise of reasonable

4  diligence the true nature of the defect and MBUSA's unfair and selective

5  reimbursement practice.

6                                    **CLASS ACTION ALLEGATIONS**

7         51.    Plaintiffs bring this class action pursuant to the provisions of Federal

8  Rule of Civil Procedure 23, on behalf of themselves and all other persons similarly

9  situated.  This action satisfies the numerosity, commonality, typicality, adequacy,

10  predominance, and superiority requirements of Rule of Civil Procedure 23.

11        52.    The Class and Sub-Class that Plaintiffs seek to represent is defined as:

12        Class:  All persons throughout the United States (including Puerto Rico) who

13        currently own or lease a model year 2001 through 2006 Mercedes-Benz S-

14        Class (W220) or CL-Class (W215) vehicle.

15        Sub-Class:  All persons throughout the United States (including Puerto Rico)

16        who previously owned or leased a model year 2001 through 2006 Mercedes-

17        Benz S-Class (W220) or CL-Class (W215) vehicle, and who incurred out-of-

18        pocket, unreimbursed expenses related to repairs for water damage due to a

19        clogged reed valve in the air/water duct during the period in which they leased

20        or owned the vehicle.

21  Excluded from the class are:  (1) all prior owners or lessees of the Vehicles who did

22  not incur out-of-pocket, unreimbursed expenses for repair of water damage due to a

23  clogged reed valve in the air/water duct during the period in which they leased or

24  owned the vehicle; (2) the Judge assigned to this case and his or her immediate

25  family; (3)  all individuals or entities claiming to be subrogated to the rights of Class

26  Members; (4) Vehicles currently owned by or leased to MBUSA, its parents,

27  subsidiaries, affiliates, authorized Mercedes-Benz dealers, and their officers,

28  directors and employees; and (5) any individuals with claims for personal injuries.

KNAPP,
PETERSEN
& CLARKE

-12-

717060.1  08000/00877

53.   <u>Numerosity</u>:   There are over 100,000 Class Members in the Class and Sub-Class thereby making joinder impracticable.   The disposition of the claims of these Class Members in a single action will provide substantial benefits to all parties and to the Court.  The Members of the Class are readily identifiable from information and records in Defendant's possession, custody or control, as well as through other sources.

54.   <u>Typicality</u>:   The claims of representative Plaintiffs are typical of the claims of the Class in that the representative Plaintiffs, like all Class Members, purchased and leased a Class Vehicle designed and manufactured by Mercedes Benz in which the AIS is defective.  The representative Plaintiffs, like all Class Members, have been damaged by Defendant's misconduct in that they have incurred or will incur the cost of replacing the AIS or repairing the damage caused by the Class Vehicles and their AIS. Furthermore, the factual bases of Mercedes Benz's misconduct are common to all Class Members and represent a common thread of fraudulent, deliberate and negligent misconduct resulting in injury to all Members of the Class.

55.   <u>Commonality</u>:        There are numerous questions of law and fact common to Plaintiffs and the Class which predominate over any questions affecting only individual Class Members.  These common legal and factual issues include the following:

a.      Whether the Class Vehicles and the AIS manufactured by Mercedes Benz are defectively designed or manufactured such that they are not suitable for their intended use;

b.      Whether Mercedes Benz knew or should have known of the inherent design or manufacturing defect in the Class Vehicles;

c.      Whether Mercedes Benz fraudulently concealed from or failed to disclose to Plaintiffs and the Class the inherent problem with the Class Vehicles;

d.      Whether the facts concealed or not disclosed by Defendant to

KNAPP,
PETERSEN
& CLARKE

-13-

1    Plaintiffs and the Class are material;

2           e.     Whether as a result of Defendant's concealment of or failure to

3    disclose material facts, Plaintiffs and the Class acted to their detriment by purchasing

4    Class Vehicles;

5           f.     Whether Defendant should be declared financially responsible for

6    notifying all Class Members of the problems with its Class Vehicles and for the costs

7    and expenses of repair and replacement of Class Vehicles and their AIS;

8           g.     Whether the information Defendant concealed or failed to

9    disclose was material;

10          h.     Whether Defendant was under a duty to inform Plaintiffs and

11   Class Members about the true defective nature of the AIS;

12          i.     Whether Mercedes Benz maintains an unfair and selective

13   reimbursement practice by which it will pay for AIS defect and related damage

14   repairs if a Class Member complains loudly enough;

15          j.     Whether Mercedes-Benz had a duty to inform Plaintiffs and Class

16   Members that it will pay for the AIS defect and related damage under certain

17   circumstances;

18          k.     Whether Mercedes Benz was under a duty to inform Plaintiffs

19   and the Class about the existence of the AIS defect prior to the expiration of their

20   express warranty;

21          l.     Whether Mercedes-Benz breached its express warranty by

22   failing to pay for Plaintiffs' and Class Members' AIS defect and defect related

23   repairs.

24          m.     Whether, by its conduct, Mercedes Benz breached the implied

25   warranty of merchantability.

26          56.    Adequate Representation:  Plaintiffs will fairly and adequately protect

27   the interests of the members of the Class. Plaintiffs have retained attorneys

28   experienced in the prosecution of class actions, including complex employment,

KNAPP,
PETERSEN
& CLARKE

-14-

1  consumer, and product defect class actions, and Plaintiffs intend to prosecute this

2  action vigorously

3      57.    Predominance and Superiority:  Plaintiffs and the Members of the Class

4  have all suffered and will continue to suffer harm and damages as a result of

5  Defendant's unlawful and wrongful conduct. A class action is superior to other

6  available methods for the fair and efficient adjudication of the controversy. Absent a

7  class action, most Members of the Class would likely find the cost of litigating their

8  claims prohibitively high and would therefore have no effective remedy at law.

9  Because of the relatively small size of the individual Class Members' claims, it is

10  likely that only a few Class Members could afford to seek legal redress for

11  Defendant's misconduct. Absent a class action, Class Members will continue to incur

12  damages and Defendant's misconduct will continue without remedy. Class treatment

13  of common questions of law and fact would also be superior to multiple individual

14  actions or piecemeal litigation in that class treatment will conserve the resources of

15  the courts and the litigants, and will promote consistency and efficiency of

16  adjudication

17                          **FIRST CAUSE OF ACTION**

18                          **Breach of Express Warranty**

19      58.    Plaintiffs hereby incorporate by reference the allegations contained in

20  the preceding paragraphs of this complaint.

21      59.    Plaintiffs bring this cause of action on behalf of themselves and on

22  behalf of the Members of the Class and Sub-Class.

23      60.    The warranty Mercedes Benz provided Plaintiffs and Class Members

24  with the sale or lease of Class Vehicles became part of the basis of the bargain, and

25  therefore constitutes an express warranty.  Any limitation in connection with the

26  Class Vehicles' express warranty and its AIS System is unconscionable.

27      61.    Defendant sold the Class Vehicles under Mercedes Benz's express

28  warranty.  The AIS is a system which is covered under the express warranty. The

KNAPP,
PETERSEN
& CLARKE

-15-

1 │ warranty provision expressly promises, among other things, that Defendant will

2 │ repair any defects in materials and workmanship within four years or 50,000 miles,

3 │ whichever occurs first. The express Warranty language states as follows:

4 │ **Items Which Are Covered:**

5 │ DEFECTS: Mercedes Benz USA, LLC (MBUSA) warrants to the

6 │ original and each subsequent owner of a new Mercedes-Benz

7 │ passenger car that any authorized Mercedes-Benz Center will make

8 │ any repairs or replacements necessary, to correct defects in material or

9 │ workmanship arising during the warranty period.

10 │   62.   Mercedes Benz breached its express warranty to Plaintiffs and the Class

11 │ by (a) selling Class Vehicles with a defective AIS System that is substantially certain

12 │ to fail within the useful life of the vehicle; (b) failing to notify Plaintiffs and the

13 │ Class of the AIS defect so they can have their vehicles inspected and repaired prior to

14 │ expiration of the express warranty; and (c) failing to pay for Plaintiffs and the Class'

15 │ AIS defect and the related repairs under the warranty.

16 │   63.   Moreover, when Plaintiffs and other members of the Class contacted

17 │ Defendant or its authorized agent for repairs during the Class Vehicles' 4

18 │ year/50,000 miles warranty, Defendant failed to provide and pay for parts or service

19 │ which corrected the problem under warranty, as required by the terms of the Class

20 │ Vehicles' express warranty.

21 │   64.   Plaintiffs and the class have suffered substantial economic loss as the

22 │ direct and proximate result and consequence of the breach of warranty by defendant.

23 │   65.   Defendant's failure to repair or replace the AIS and/or AIS related

24 │ damage under the terms of the express warranty has caused the warranty to fail for its

25 │ essential purpose, as a result of which Plaintiffs and the Class are entitled to damages

26 │ flowing from the breach of express warranty.   Plaintiffs and the Class are also

27 │ entitled to equitable relief, including specific performance, and a declaration that

28 │ MBUSA breached its written warranties.

KNAPP,
PETERSEN
& CLARKE

-16-

## SECOND CAUSE OF ACTION

### Violation of State Consumer Protection Statutes

66. Plaintiffs hereby incorporate by reference the allegations contained in the preceding paragraphs of this Complaint.

67. Plaintiffs bring this cause of action on behalf of themselves and on behalf of the Members of the Class and Sub-Class.

68. Mercedes Benz knowingly concealed, suppressed, or omitted the material facts from Class Members, including the fact that the Class Vehicles and AIS were defectively designed or manufactured, would fail prematurely and were not suitable for their intended use.

69. In failing to disclose the AIS defect, Defendant has knowingly and intentionally concealed material facts and breached its duty not to do so.

70. Mercedes Benz further knowingly concealed, suppressed, or omitted that it maintains an unfair and selective reimbursement practice whereby it will pay for, among other things, AIS defect and AIS defect related repairs and extend consumers' warranties.

71. Mercedes Benz's use of an unfair and selective reimbursement practice is an unfair business practice in that only a fraction of Class Vehicle owners are notified of or benefit from this selective program. Mercedes Benz has benefitted and continues to benefit from Class Members' payments for repairs that, unbeknownst to them, are covered by Mercedes Benz's unfair and selective reimbursement practice.

72. As a direct and proximate cause of Mercedes Benz's misconduct, Plaintiffs and Class members have suffered ascertainable loss of money or property in that, among other things: (a) they have paid for repairs that should be covered by Mercedes Benz's selective reimbursement practice; and (b) they paid for Class Vehicles that they would not have purchased or leased had they known of the AIS defect.

73. Plaintiffs allege that MBUSA's conduct violates the following state

KNAPP,
PETERSEN
& CLARKE

-17-

717060.1   08000/00877

1  unfair and deceptive acts and practices laws:

2           a.      Alabama Deceptive Trade Practices Act (Ala. Code § 8-19-1 et

3  seq.);

4           b.      Alaska Unfair Trade Practices and Consumer Protection Act

5  (Alaska Stat. § 45.50.471 et seq.);

6           c.      Arizona Consumer Fraud Statute (Ariz. Rev. Stat. Ann. § 44-1521

7  et seq.);

8           d.      Arkansas Deceptive Trade Practices Act (Ark. Code Ann. 4-88-

9  101 et seq.);

10          e.      California Consumers Legal Remedies Act (Cal. Civil Code §

11 1750 et seq.) and Unfair Competition Law (Cal. Bus. & Prof. Code § 17200 et seq.);

12          f.      Colorado Consumer Protection Act (Colo. Rev. Stat. § 6-1-101 et

13 seq.);

14          g.      Connecticut Unfair Trade Practices Act (Conn. Gen. Stat. § 42-

15 110a et seq.);

16          h.      Delaware Consumer Fraud Act (De. Code Ann. Tit. 6, § 2511 et

17 seq.) and Delaware Deceptive Trade Practices Act (Del. Code Ann. Tit. 6, § 2531 et

18 seq.);

19          i.      District of Columbia Consumer Protection Procedures Act (D.C.

20 Code Ann. § 28-3901 et seq.);

21          j.      Florida Deceptive and Unfair Trade Practices Act (Fla. Stat. Ann.

22 § 501.201 et seq.) and Florida False Advertising Statutes (Fla. Stat. Ann. § 817-40 et

23 seq.);

24          k.      Georgia Uniform Deceptive Trade Practices Act (Ga. Code Ann.

25 § 10-1-370 et seq.); Fair Business Practices Act (Ga. Code Ann. § 10-1-390 et seq.);

26 and False Advertising Statute (Ga. Code Ann. § 10-1-420 et seq.);

27          l.      Hawaii Federal Trade Commission Act (Hawaii Rev. Stat. § 481

28 et seq.) and the Uniform Deceptive Trade Practice Act (Hawaii Rev. Stat. § 481A et

**KNAPP,
PETERSEN
& CLARKE**

-18-

1  seq.);

2          m.    Idaho Consumer Protection Act (Idaho Code § 48-601 et seq.);

3          n.    Indiana Deceptive Consumer Sales Act (Ind. Code Ann. § 24-5-

4  0.5-1 et seq.);

5          o.    Iowa Consumer Fraud Act (Iowa Code Ann § 714.16);

6          p.    Kansas Consumer Protection Act (Kan. Stat. Ann. § 50-623 et

7  seq.)

8          q.    Kentucky Consumer Protection Act (Ky. Rev. Stat. § 367.110 et

9  seq.);

10          r.    Louisiana Unfair Trade Practices and Consumer Protection Law

11  (La. Rev. Stat. Ann. § 51:1401);

12          s.    Marine Unfair Trade Practices Act (Me. Rev. Stat. Ann. Tit. 5 §

13  206 et seq.) and Uniform Deceptive Trade Practices Act (Me. Rev. Stat. Ann. Tit. 10

14  § 1211 et seq.);

15          t.    Maryland Consumer Protection Act (Md. Com. Law Code Ann.

16  §§ 13-101 et seq., 14-101 et seq.);

17          u.    Massachusetts Consumer Protection Act (Mass. Gen. Laws Ann.

18  Ch. 93A);

19          v.    Michigan Consumer Protection Act (Mich. Comp. Laws Ann. §

20  445.901 et seq.) and Michigan Pricing and Advertising Act (Mich. Comp. Laws Ann.

21  § 445.351 et seq.);

22          w.    Minnesota Consumer Fraud Act (Minn. Stat. Ann. § 325 F. 69);

23  the False Statement in Advertisement Statute (Minn. Stat. Ann. § 325 F. 67); the

24  Uniform Deceptive Trade Practices Act (Minn. Stat. Ann. § 325D.44; and the

25  Unlawful Trade Practices Act (Minn. Stat. Ann. § 325D.13);

26          x.    Mississippi Consumer Protection Act (Miss. Code Ann. § 75-24-1

27  et seq.) and False Advertising Statutes (Miss. Code Ann. § 97-23-3);

28          y.    Missouri Merchandising Practices Ace (Mo. Rev. Stat. § 407.020

**KNAPP,
PETERSEN
& CLARKE**

-19-

1  et seq.);

2  z. Montana Unfair Trade Practices and Consumer Protection Act

3  (Mont. Code Ann. § 30-14-101 et seq.) and Statutory Deceit Statute (Mont. Code

4  Ann. § 27-1-712);

5  aa. Nebraska Consumer Protection Act (Neb. Rev. Stat. § 59-1601 et

6  seq.) and Nebraska Uniform Deceptive Trade Practices Act (Neb. Rev. Stat. § 87-

7  301 et seq.);

8  bb. Nevada Deceptive Trade Statutes (Nev. Rev. Stat. §§ 598.0903 et

9  seq., 41.600 et seq.);

10  cc. New Hampshire Regulation of Business Practices for Consumer

11  Protection Act (N.H. Rev. Stat. Ann. § 358-A:1 et seq.);

12  dd. New Jersey Consumer Fraud Act (N.J. Stat. Ann. § 56:8-1 et seq.)

13  ee. New Mexico Unfair Practices Act (N.M. Stat. Ann. § 57-12-1 et

14  seq.)

15  ff. New York Consumer Protection Act (N.Y. Gen. Bus. Law §§

16  349, 350);

17  gg. North Carolina Unfair and Deceptive Trade Practices Act (N.C.

18  Gen. Stat. § 75-1.1 et seq.);

19  hh. North Dakota Deceptive Act or Practice Statutes (N.D. Gen. Stat.

20  § 51-15-01 et seq.);

21  ii. Ohio Consumer Sales Practices Act (Ohio Rev. Code Ann. §

22  1345.01 et seq.);

23  jj. Oklahoma Consumer Protection Act (Okla. Stat. Ann. Tit. 15 §

24  751 et seq.) and Oklahoma Deceptive Trade Practices Act (Okla. Stat. Ann. Tit. 78 §

25  51 et seq.)

26  kk. Oregon Unlawful Trade Practices Act (Or. Rev. Stat. 646.605 et

27  seq.) and Oregon Food and Other Commodities Act (Or. Rev. Stat. § 616.005 et

28  seq.);

KNAPP,
PETERSEN
& CLARKE

-20-

717060.1  08000/00877

1           ll.     Pennsylvania Unfair Trade Practices Act and Consumer

2 Protection Law (Pa. Stat. Ann. Tit. 73 § 201-1 et seq.);

3           mm.    Rhode Island Consumer Protection Act (R. I. Gen. Law § 6-13.1-

4 1 et seq.);

5           nn.     South Carolina Unfair Trade Practices Act (S.C. Code Ann. § 39-

6 5-10 et seq.);

7           oo.     South Dakota Deceptive Trade Practices and Consumer

8 Protection Law (S.D. Codified Laws Ann. § 37-24-1 et seq.);

9           pp.     Tennessee Consumer Protection Act (Tenn. Code Ann. § 47-18-

10 101 et seq.);

11           qq.     Texas Deceptive Trade Practices Act (Tex. Bus. & Com. Code

12 Ann. § 17.41 et seq.)

13           rr.     Utah Consumer Sales Practices Act (Utah Code Ann. § 13-11-1 et

14 seq.) and Utah Truth in Advertising Act (Utah Code Ann. § 13-11a-1 et seq.);

15           ss.     Vermont Consumer Fraud Statute (Vt. Stat. Ann. Tit. 9, § 2451 et

16 seq.);

17           tt.     Virginia Consumer Protection Act (Va. Code 59.1-196 et seq.);

18           uu.     Washington Consumer Protection Act (Wash. Rev. Code Ann. §

19 19.86 et seq.);

20           vv.     West Virginia Consumer Credit and Protection Act (W. Va. Code

21 § 46A-6-101 et seq.);

22           ww.    Wisconsin Fraudulent Representations Act (Wis. Stat. Ann. §

23 100.18 et seq.); and

24           xx.     Wyoming Consumer Protection Act (Wyo. Stat. § 40-12-101 et

25 seq.).

26        74.     Plaintiff Marsikyan served Defendant via certified mail with Consumer

27 Legal Remedies Act notification and demand letters satisfying the requirements of

28 the California's Consumer's Legal Remedies Act or similar requirements in other

KNAPP,
PETERSEN
& CLARKE

717060.1  08000/00877

1  Consumer Protection Statutes. After 30 days of the receipt of the notification letters,

2  Defendant failed to respond (other than to acknowledge receipt of the letters) and

3  failed to provide appropriate relief for the violations of the CLRA.  Any additional

4  notice would be futile and unnecessary.

5  **THIRD CAUSE OF ACTION**

6  **Breach of Implied Warranty of Merchantability**

7  75.  Plaintiffs hereby incorporate by reference the allegations contained in

8  the preceding paragraphs of this Complaint.

9  76.  Plaintiffs bring this cause of action on behalf of themselves and on

10  behalf of the Members of the Class and Sub-Class.

11  77.  Mercedes Benz's implied warranty of merchantability accompanied the

12  sale of the Class Vehicles sold to Plaintiffs and Class Members.

13  78.  Mercedes Benz is a merchant in the sale of the Class Vehicles to

14  Plaintiffs and Class Members.  Mercedes Benz manufactures, markets, distributes

15  and sells the Class Vehicles equipped with the defective AIS.  Mercedes Benz

16  provided Plaintiffs and Class Members with an implied warranty that the Class

17  Vehicles were merchantable and fit for the ordinary purposes for which they were

18  sold, including but not limited to providing safe and reliable transportation.  The

19  Class Vehicles are not fit for their ordinary purpose because, among other things,

20  they present a safety hazard and are unreasonably dangerous to consumers because

21  of the danger of catastrophic engine and electrical system failure that can occur due

22  to flooding of the defective AIS System with water while the vehicle is in operation.

23  79.  The alleged defects are so basic that they render the Class Vehicles unfit

24  for the ordinary purpose of providing reliable and safe transportation.

25  80.  Mercedes Benz knew or had reason to know that Plaintiffs and Class

26  Members purchased or leased Class Vehicles to obtain safe and reliable

27  transportation in connection with their operation of the Class Vehicles.

28  81.  The Class Vehicles do not conform to the promises and affirmations

**KNAPP, PETERSEN & CLARKE**

-22-

717060.1  08000/00877

1 | uniformly issued by Mercedes Benz in its sales materials and warranties, and are not
2 | of fair or average quality.

3 |    82.    Plaintiffs and Class Members have used the Class Vehicles for their
4 | intended and ordinary purpose of providing transportation.

5 |    83.    Plaintiffs and Class Members have performed each and every duty
6 | required under the terms of the warranties, except as may have been excused or
7 | prevented by the conduct of MBUSA or by operation of law in light of MBUSA's
8 | unconscionable conduct, including MBUSA's acts of concealment and failure to
9 | inform Class Members about its unfair and selective reimbursement whereby it will
10 | pay, among other things, for AIS defect repairs and extend consumer's warranties.

11 |    84.    Plaintiffs and Class Members have provided sufficient and timely notice
12 | to MBUSA regarding the problems they experienced with the Class Vehicles and,
13 | notwithstanding such notice, Defendant has failed and refused to offer Plaintiffs and
14 | Class Members an effective remedy. In addition, MBUSA has received, on
15 | information and belief, numerous complaints and other notices from consumers
16 | advising them of the defects associated with the defective AIS contained in the Class
17 | Vehicles.

18 |    85.    By virtue of the conduct described herein, Defendant breached the
19 | implied warranty of merchantability.

20 |    86.    Plaintiffs and Class Members have been damaged as a direct and
21 | proximate result of Defendant's breach of the implied warranty

22 |                        **RELIEF REQUESTED**

23 |    Plaintiffs, on behalf of themselves, and all others similarly situated, request the
24 | Court to enter judgment against Defendant, as follows:

25 |    87.    An order certifying the proposed Class and Sub-Class, designating
26 | Plaintiffs as named representative of the Class and Sub-Class and Plaintiffs counsel
27 | as Class Counsel;

28 |    88.    A declaration that Defendant is financially responsible for notifying all

KNAPP,
PETERSEN
& CLARKE

-23-

1   Class Members of the problems with its defective AIS;

2        89.    Actual damages in an amount to be determined at trial;

3        90.    An order enjoining Defendant from further deceptive distribution, sales

4   and lease practices with respect to its Class Vehicles, and to remove and replace

5   Plaintiffs and Class Members' AIS with a suitable alternative product;

6        91.    Injunctive relief as plead or as the Court may deem proper;

7        92.    Restitution and all other forms of equitable monetary relief;

8        93.    An award of attorneys' fees and costs of suit, including expert witness

9   fees, pursuant to California Code of Civil Procedure Section 1021.5, or any other

10   applicable statute, law, or contract; and

11        94.    Such other relief as may be appropriate under the circumstances.

12

13                  **DEMAND FOR JURY TRIAL**

14        95.    Pursuant to Fed. R. Civ. P. 38(b), Plaintiffs demand a trial by jury of

15   any and all issues in this action so triable of right.

16   Dated: December /5 , 2009      KNAPP, PETERSEN & CLARKE

17

18

19                By:
                      STEPHEN M. HARRIS

20                       Attorneys for Plaintiffs
                      ARUTYUN MARSIKYAN, and

21                       PAYAM SAADAT, individually
                      and on behalf of a class of similarly

22                       situated individuals

23

24

25

26

27

28

**KNAPP,
PETERSEN
& CLARKE**

717060.1  08000/00877

# EXHIBIT 1

Received Fax          Aug    2008 9:50AM    Fax Station :   ROBERT STARR       P. 1

08/21/2008  21:41    8187710367                        EAGLE FOODS                        PAGE  01
       Aug 22 2008 9:35AM   ROBERT STARR                       8182259042                          p.1

Stephen M. Harris (State Bar No. 110626)
smh@kpclegal.com
KNAPP, PETERSEN & CLARKE
500 North Brand Boulevard, 20th Floor
Glendale, California 91203-1904
Telephone: (818) 547-5000
Facsimile: (818) 547-5329

Attorneys for Plaintiff ARUTYUN MARSIKIAN,
individually and on behalf of a class of similarly situated
individuals

# SUPERIOR COURT OF THE STATE OF CALIFORNIA

# COUNTY OF LOS ANGELES, CENTRAL DISTRICT

| | |
|---|---|
| ARUTYUN MARSIKIAN, individually and on behalf of a class of similarly situated individuals, | NO. |
| | DECLARATION OF ARUTYUN MARSIKIAN |
| Plaintiff, | |
| v. | |
| MERCEDES BENZ USA, LLC, and DOES 1-500, inclusive, | |
| Defendants. | |

///
///
///
///
///
///

-1-
DECLARATION OF ARUTYUN MARSIKIAN

378897.1  0800X00077

08/21/2008 21:41 8187710367 EAGLE FOODS PAGE 02

CUSTOMER SOUL JOHN HUBER STORR 8182259042 P.2

1  I, ARUTYUN MARSIKIAN, declare under penalty of perjury as follows:

2  1.  I make this declaration based upon my personal knowledge except as to those

3  matters stated herein that are based upon information and belief, which I believe to be true;

4  2.  I am over the age of eighteen, a citizen of the State of California, I reside in

5  Glendale, California, and I am a named Plaintiff in this litigation.

6  3.  I purchased a new 2006 Mercedes S430 in May of 2006, from Mercedes

7  Benz of Beverly Hills, in Beverly Hills, California.

8  4.  To the best of my knowledge, based upon information and belief, Defendant

9  Mercedes Benz USA, LLC is a New Jersey Limited Liability Company, with its principal

10  place of business in Montvale, New Jersey. Mercedes Benz USA, LLC conducts business

11  in the state of California, county of Los Angeles, and is domiciled in the state of California

12  at 818 West 7th Street, Los Angeles, California 90017.

13

14  I declare under penalty of perjury under the laws of the United States of America that the

15  foregoing is true and correct. Executed this 22nd day of August, 2008, in

16  Sun Valley_____, California.

17

18

19  By: _Arutyun Marsikian_____
    ARUTYUN MARSIKIAN

20

21

22

23

24

25

26

27

28
KNAPP
PETERSEN
& CLARKE

-2-
CLASS ACTION COMPLAINT

# EXHIBIT 2

1  Stephen M. Harris (State Bar No. 110626)
   smh@kpclegal.com
2  KNAPP, PETERSEN & CLARKE
   500 North Brand Boulevard, 20th Floor
3  Glendale, California 91203-1904
   Telephone:  (818) 547-5000
4  Facsimile:  (818) 547-5329

5  Robert L. Starr (State Bar No. 183052)
   starresq@hotmail.com
6  THE LAW OFFICES OF ROBERT L. STARR
   23277 Ventura Boulevard
7  Woodland Hills, California 91364-1002
   Telephone: (818) 225-9040
8  Facsimile: (818) 225-9042

9  Attorneys for Plaintiff
   ARUTYUN MARSIKIAN, individually and on behalf
10 of a class of similarly situated individuals

11             UNITED STATES DISTRICT COURT

12            CENTRAL DISTRICT OF CALIFORNIA

13

14 ARUTYUN MARSIKIAN, individually and    ) NO.   CV08-04876 AHM (JTLx)
   on behalf of a class of similarly situated  )
15 individuals,                                )
                                               ) DECLARATION OF PAYAM SAADAT
16             Plaintiff,                       )
                                               )
17        v.                                    )
                                               )
18 MERCEDES BENZ USA, LLC, and DOES           )
   1-500, inclusive,                           )
19                                             )
                                               )
20             Defendants.                      )
   _____ )

21

22

23

24

25

26

27

28

KNAPP,
PETERSEN
CLARKE

-1-

1   I, PAYAM SAADAT, declare under penalty of perjury as follows:

2       1.    I make this declaration based upon my personal knowledge except as to those

3   matters stated herein that are based upon information and belief, which I believe to be true;

4       2.    I am over the age of eighteen, a citizen of the State of California, I reside in

5   Beverly Hills, California, and I am a named Plaintiff in this litigation.

6       3.    On or about January 17, 2005, I purchased a new 2004 Mercedes Benz S-500

7   from Mercedes-Benz of Beverly Hills, in Beverly Hills, California.

8       4.    To the best of my knowledge, based upon information and belief, Defendant

9   Mercedes Benz USA, LLC is a New Jersey Limited Liability Company, with its principal

10  place of business in Montvale, New Jersey.  Mercedes Benz USA, LLC conducts business

11  in the state of California, county of Los Angeles, and is domiciled in the state of California

12  at 818 West 7th Street, Los Angeles, California 90017.

13

14      I declare under penalty of perjury under the laws of the United States of America

15  that the foregoing is true and correct.  Executed this 28th day of November, 2008, in

16  _Beverly Hills_, California.

17

18

19                          By: _____

20                              PAYAM SAADAT

21

22

23

24

25

26

27

28

KNAPP,
PETERSEN
& CLARKE

-2-
*DECLARATION OF PAYAM SAADAT*

576897.1  08000/00877

**PROOF OF SERVICE**
**Marsikian v. Mercedes-Benz USA, LLC**
**CV08-04876 AHM (JTLx)**

STATE OF CALIFORNIA, COUNTY OF LOS ANGELES:

I am employed in the County of Los Angeles, State of California. I am over the age of 18 and am not a party to the within action. My business address is 550 North Brand Boulevard, Suite 1500, Glendale, California 91203-1922. On December 15, 2009, I caused the foregoing document(s) described as PLAINTIFFS' FIFTH AMENDED COMPLAINT FOR: 1. BREACH OF EXPRESS WARRANTIES; 2. VIOLATION OF STATE CONSUMER PROTECTION STATUTES; 3. BREACH OF IMPLIED WARRANTY OF MERCHANTABILITY; DEMAND FOR JURY TRIAL to be served on the interested parties in this action as follows:

by placing a true copy thereof enclosed in sealed envelope(s) addressed as stated below:

Derek S. Whitefield, Esq.
Naomi A. Carry, Esq.
Dykema Gossett LLP
333 South Grand Avenue, Suite 2100
Los Angeles, CA 90071

Facsimile No.: 213-457-1850; Tel: 213-457-1800 / 213-457-1777; email:
dwhitefield@dykema.com;
pcoleman@dykema.com; Attorneys for Defendant Mercedes-Benz USA, LLC

Terri S. Reiskin, Esq.
Eric C. Tew, Esq.
Wallace King Domike & Reiskin, PLLC
2900 K Street NW
Harbourside, Suite 500
Washington, DC 20007

Facsimile No.: 202-204-1001; Tel: 202-204-3748 (Reiskin); 202-204-3714 (Tew); treiskin@wallaceking.com; etew@wallaceking.com; Attorneys for Defendant Mercedes-Benz USA, LLC

Robert L. Starr, Esq
The Law Offices of Robert L. Starr
23277 Ventura Boulevard
Woodland Hills, California 91364-1002

Facsimile: 818-225-9042; Tel: 818-225-9040; Co-Counsel for Plaintiffs

☒ **BY MAIL:** I sealed and placed such envelope for collection and mailing to be deposited in the mail on the same day in the ordinary course of business at Glendale, California. The envelope was mailed with postage thereon fully prepaid. I am readily familiar with this firm's practice of collection and processing correspondence for mailing. It is deposited with the U.S. Postal Service on that same day in the ordinary course of business.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on December 15, 2009, at Glendale, California.

Marlinda Ochoa
_____
(Type or print name)                    (Signature)

730605.1   08000/00877