Stephen M. Harris (State Bar No. 110626)
smh@kpclegal.com
KNAPP, PETERSEN & CLARKE
550 North Brand Boulevard, Suite 1500
Glendale, California 91203-1922
Telephone: (818) 547-5000
Facsimile: (818) 547-5329

Robert L. Starr (State Bar No. 183052)
starresq@hotmail.com
THE LAW OFFICES OF ROBERT L. STARR
23277 Ventura Boulevard
Woodland Hills, California 91364-1002
Telephone: (818) 225-9040
Facsimile: (818) 225-9042

Attorneys for Plaintiffs
ARUTYUN MARSIKYAN and PAYAM SAADAT, individually and on behalf of a class of similarly situated individuals

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| ARUTYUN MARSIKYAN and PAYAM SAADAT, individually and on behalf of a class of similarly situated individuals,<br><br>Plaintiffs,<br><br>v.<br><br>MERCEDES-BENZ USA, LLC,<br><br>Defendant. | NO. CV08-04876 AHM (FMOx)<br><br>Date: December 14, 2009<br>Time: 10:00 a.m.<br>Ctrm: 14<br><br>Assigned for All Purposes To:<br>The Hon. : A. Howard Matz - Courtroom 14<br>Date Action Filed: June 5, 2008<br>Trial Date: None<br><br>**ORDER GRANTING PRELIMINARY APPROVAL OF CLASS SETTLEMENT** |

KNAPP, PETERSEN & CLARKE

-1-

717207.1 08000/00877

The parties to this litigation have entered into a Settlement Agreement dated November 16, 2009 ("Agreement"), which if approved, would resolve this action on a class basis. Plaintiffs have filed a Joint Motion for Preliminary Approval of the settlement set forth in the Agreement, which Defendant Mercedes-Benz USA, LLC ("MBUSA" or "Defendant") supports. The Court has read and considered the Joint Motion for Preliminary Approval, the parties' memoranda in support, the Agreement, various declarations filed by the parties and all exhibits thereto, and finds there is a sufficient basis for granting preliminary approval of the Settlement, directing that notice be disseminated to the Class, and setting a hearing at which the Court will consider whether to grant final approval of the Settlement.

The Court now GRANTS the motion for preliminary approval and makes the following findings and orders:

1. All defined terms used in this Order have the same meanings as set forth in the Agreement.

2. The Court preliminarily certifies, for settlement purposes only, the following Settlement Class (the "Class") and Sub-Class pursuant to Rule 23(b)(3) of the Federal Rules of Civil Procedure:

Class: All persons throughout the United States (including Puerto Rico) who currently own or lease a model year 2001 through 2006 Mercedes-Benz S-Class (W220) or CL-Class (W215) vehicle.

Sub-Class: All persons throughout the United States (including Puerto Rico) who previously owned or leased a model year 2001 through 2006 Mercedes-Benz S-Class (W220) or CL-Class (W215) vehicle, and who incurred out-of-pocket, unreimbursed expenses for repair of water damage due to a clogged reed valve in the air/water duct during the period in which they leased or owned that vehicle.

-2-

717207.1 08000/00877

Excluded from the Class and Sub-Class are:

    (a) all prior owners or lessees of the Vehicles who did not incur out-of-pocket, unreimbursed expenses for repair of water damage due to a clogged reed valve in the air/water duct during the period in which they leased or owned the vehicle;

    (b) the Judge assigned to this case and his or her immediate family;

    (c) all individuals or entities claiming to be subrogated to the rights of Class Members;

    (d) vehicles currently owned by or leased to MBUSA, its parents, subsidiaries, affiliates and dealers, and their officers, directors and employees; and

    (e) any individuals with claims for personal injuries.

Class Vehicles are Mercedes-Benz Vehicles distributed by MBUSA in the United States. The Class Vehicles consist of all 2001-2006 Model Year S-Class (W220) and CL-Class (W215) vehicles.

For purposes of simplicity in this Order, hereafter members of the Class and members of the Sub-Class will collectively be referred to simply as the "Class" or the "Settlement Class."

3. The Court appoints plaintiffs Arutyun Marsikyan and Payam Saadat to serve as Class Representatives.

4. The Court appoints Stephen M. Harris of Knapp, Petersen & Clarke, and Robert L. Starr of the Law Offices of Robert L. Starr to serve as Class Counsel.

5. The Court finds that, for the purpose of settlement only, the requirements of Rule 23 of the Federal Rules of Civil Procedure are met by the Settlement Class. Joinder of all Class Members, consisting of the owners and lessees of all Class Vehicles distributed by MBUSA in the United States (including Puerto Rico) in a single proceeding would be impractical, if not impossible, because of their

-3-

717207.1 08000/00877

numbers and dispersion. Common issues exist among Class Members and predominate over questions affecting only individual Class Members. Plaintiffs' claims are typical of those of the Class, as Plaintiffs formerly or presently own(ed) or lease(d) Class Vehicles and Plaintiffs also both sustained water damage to their vehicles as a result of reed valve clogging. Plaintiffs and their counsel will fairly and adequately protect the interests of the Class; Plaintiffs have no interests antagonistic to those of the Class, and have retained counsel experienced and competent to prosecute this matter on behalf of the Class. Finally, a class settlement is superior to other available methods for a fair and efficient resolution of the controversy.

6. The certification of the Class for settlement purposes shall be without force or effect if: (a) the Court does not give final approval to the Settlement or does not enter judgment substantially as contemplated in the Agreement; or (b) the Court's approval of the Settlement and/or entry of a final approval order and judgment are reversed or substantially modified on appeal.

7. The Court preliminarily approves the parties' proposed Settlement, finding that the terms of the Settlement appear sufficiently fair, reasonable, and adequate at this point to warrant dissemination of notice to Class Members so that they can evaluate the terms themselves, and to warrant the setting of a hearing to consider final approval of the Settlement. The Court finds that the settlement contains no obvious deficiencies and that the parties entered into the Agreement in good faith, following arms-length negotiation between their respective counsel.

8. The Court hereby approves the form and procedures for disseminating the settlement Notice to the Class Members as set forth in the Agreement. The Court finds that the Notice to be given constitutes the best notice practicable under the circumstances, and constitutes valid, due, and sufficient notice to Class Members in full compliance with the requirements of applicable law, including the Due Process Clause of the United States Constitution.

9. MBUSA shall arrange for the printing and mailing (via U.S. Mail) of the

KNAPP, PETERSEN & CLARKE

717207.1  08000/00877

1 class Notice to all Settlement Class members who are identified as current registered
2 owners or lessees according to records obtained from RL. Polk & Co. or similar
3 service. Such class Notice shall be mailed by MBUSA or by the Claims
4 Administrator with the Claim Form. MBUSA or the Claims Administrator will
5 utilize national address databases and will otherwise make reasonable efforts to
6 determine updated address information in order promptly to re-mail notices by first
7 class mail to any Class Member whose notice is returned as undeliverable. The
8 Claims Administrator will maintain a website that contains information about the
9 settlement and copies of related documents, including the class notice and claim
10 form. The Claims Administrator will also set up a toll-free number available to class
11 members who have questions about the claims process or need additional
12 information. No later than February 26, 2010, or within 30 days of entry of the
13 Preliminary Approval Order, whichever is later, MBUSA shall (a) cause individual
14 notice, substantially in the form attached to the Errata to the Harris Declaration as
15 Exhibit 1-A along with a claim form, substantially in the form attached to the Errata
16 to the Harris Declaration as Exhibit 1-B, to be mailed to each such identified Class
17 Member, and within the deadline set forth below MBUSA shall cause a summary
18 notice, substantially in the form attached to the Errata to the Harris Declaration as
19 Exhibit 1-C, to be published in the Wall Street Journal on the same weekday in two
20 consecutive weeks.   The parties shall modify the individual notice, Exhibit 1-A, to
21 define the term "DTB P-B-83, 10/75" the first time they use it in paragraph 5c.  In
22 the "What Benefits Can I Get?" section on the first page of the publication notice,
23 Exhibit 1-C, the parties shall specify that the Claims Deadline is no later than 120
24 days after the Court's Final Approval of the settlement.  The last day for the
25 publication of the summary notice shall be no later than 10 days after the mailing of
26 the Class Notice. The Court authorizes the parties to make non-material
27 modifications to the Class Notice, the summary notice and the claim form prior to
28 mailing or publication for formatting purposes or if they jointly agree that any such

KNAPP,
PETERSEN
& CLARKE

-5-

717207.1  08000/00877

1  changes are necessary under the circumstances.

2      10.    As set forth in the Agreement, MBUSA shall bear all costs and expenses
3  in connection with providing notice to the Class and administering the Settlement,
4  including, but not limited to, all fees, costs, and expenses of the Claims
5  Administrator.

6      11.    MBUSA shall comply with the requirements of 28 U.S.C. § 1715(b) and
7  serve, upon the appropriate State official of each State in which a Class Member
8  resides and the appropriate Federal official, a notice of the proposed Settlement
9  consisting of:

10     (a)    the original complaint and all amended complaints in this Action;
11     (b)    notice of the Fairness Hearing described below;
12     (c)    the individual notice for mailing and summary notice for
13 publication;
14     (d)    the Agreement;
15     (e)    this Order;
16     (f)    (1) if feasible, the names of Class Members who reside in each
17 State and the estimated proportionate share of the claims of such Class Members to
18 the entire settlement to that State's appropriate State official; or (2) if the provision
19 of information under subparagraph (1) is not feasible, a reasonable estimate of the
20 number of Class members residing in each state and the estimated proportionate
21 share of the claims of such Class Members to the entire Settlement; and
22     (g)    Any written judicial opinion relating to the materials described
23 under subparagraphs (a) through (f).

24     MBUSA shall also provide copies of the foregoing submissions to Class
25 Counsel.

26     12.    A hearing on entry of Final Judgment and Order of Dismissal, the award
27 of fees and expenses to Class Counsel, and incentive payments to the Class
28 Representatives (the "Fairness Hearing") shall be held on May 17, 2010 at

KNAPP,
PETERSEN
& CLARKE

-6-

717207.1  08000/00877

10:00 a.m., in Courtroom 14 at the United States District Court, Central District of California, 312 North Spring Street, Los Angeles, California 90012. At the Fairness Hearing, the Court will consider: (a) whether the Settlement should be approved as fair, reasonable, and adequate for the class; (b) whether a judgment granting approval of the Settlement and dismissing the lawsuit with prejudice should be entered; and (c) whether Class Counsel's application for attorneys' fees and expenses and incentive awards for the named Plaintiffs should be granted.

13. Any Class Member shall have the right to opt out of the Class and the settlement by sending a written request for exclusion from the Class to the address(es) listed in the Class Notice, postmarked no later than 45 days after mailing of the Class notice. To be effective, the request for exclusion (or opt-out request) must: (a) state the Class Member's full name and current address, the model year and make of the Vehicle currently owned or formerly owned, and the Vehicle Identification Number ("VIN"); (b) clearly set forth his/hers/its desire to be excluded from the Settlement and from the Settlement Class; and (c) be signed by the Class Member. Any Settlement Class Member who submits a timely and valid request for exclusion will not be entitled to participate in the Settlement and cannot object to the Settlement. Any Settlement Class Member who does not submit a timely and valid exclusion request shall be subject to and bound by the Settlement and every order or judgment entered concerning the Settlement.

14. Any Settlement Class Member who intends to object to final approval of the Settlement or the Fee Application must, on or before 45 days after mailing of the Class Notice, file any such objection with the Clerk of the Court, and provide copies of the objection to Class counsel, MBUSA's counsel and the Claims Administrator at the addresses provided in the Class Notice. Any objection to the Settlement must include the following information concerning the objector: (i) full name, address and telephone number; (ii) model year and VIN of his/her/its Vehicle(s); (iii) a statement of the objection(s) asserted, including the factual and legal grounds for each such

objection; (iv) copies of any documents the objector wishes to submit in support of his or her position; and (v) a list of any other objections he or she has submitted to any class action settlements in any state or federal court in the United States in the past five (5) years. If he or she has not objected to any other class action settlement in any court in the United States in the past five (5) years, he or she shall affirmatively so state in the written materials provided in connection with the objection to this Settlement. If the objection is presented through an attorney, the written objection must also include: (i) the identity and number of Class Members represented by objector's counsel; and (ii) the date the objector's counsel assumed representation of the objector. If the objector intends to appear at the Fairness Hearing, individually or through counsel, the objecting Class Member must file with the Clerk of the Court and serve upon all counsel designated in the Class Notice, a notice of intention to appear at the Fairness Hearing ("Notice of Intention to Appear"). The Notice of Intention to Appear shall be filed no later than 21 days prior to the Final Approval Hearing (i.e., no later than April 26, 2010). The Notice of Intention to Appear must: (i) state how much time the Class Member and/or counsel anticipates needing to present the objection; (ii) identify, by name, address, and telephone number any witnesses the Class Member and/or his/her/their attorney intends to present; (iii) identify all exhibits the Class Member and/or his/her/their attorney intends to offer in support of the objection; and (iv) attach complete copies of all such exhibits.

15. Any Class Member who does not provide an Objection and/or Notice of Intention to Appear in complete accordance with the deadlines and other requirements set forth herein and in the Class Notice will be deemed to have waived any objections to the Settlement and shall be barred from speaking or otherwise presenting any views at the Fairness Hearing or from pursuing any appeals.

16. Counsel for the respective parties shall file memoranda, declarations, or other statements and/or materials in support of the request for final approval of the

-8-

717207.1 08000/00877

parties' Settlement, no later than 14 days prior to the Final Approval hearing (i.e., by May 3, 2010).

17. Class Counsel shall file an application for an award of attorneys' fees not to exceed $1.5 million and costs not to exceed $35,000 and for incentive awards not to exceed $10,000 each to the Representative Plaintiffs ("Fee Application) no later than 14 days prior to the Final Approval hearing (i.e., by May 3, 2010).

18. The last day for counsel to file correspondence received from opt-outs and objectors shall be 10 days prior to the Final Approval hearing (i.e., by May 7, 2010).

19. The date and time of the Fairness Hearing is currently scheduled for May 17, 2010, at 10:00 a.m.

20. The Court reserves the right to continue the date of the Fairness Hearing and related deadlines. In that event, the revised hearing date and/or deadlines shall be posted on the website maintained by the Claims Administrator, and the parties shall not be required to re-send or re-publish the notices.

21. All further proceedings in this litigation (including, but not limited to, any existing discovery obligations) are ordered stayed until final approval of the Settlement or termination of the Agreement, whichever occurs earlier, except for those matters necessary to obtain and/or effectuate final approval of the settlement.

**IT IS HEREBY ORDERED**.

Dated: December 18, 2009

Hon. A. Howard Matz
United States District Court Judge

KNAPP, PETERSEN & CLARKE

717207.1 08000/00877